IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | |
|---|---|
| **SANDRA GOODNO and ANTHONY REBHOLZ, individually and on behalf of all others similarly situated**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ANTERO RESOURCES CORPORATION**<br><br>**Defendant.** | )<br>)<br>)<br>)   5:20-CV-100 (Bailey)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ELECTRONICALLY FILED
May 22 2020
U.S. DISTRICT COURT
Northern District of WV

## CLASS ACTION COMPLAINT

Plaintiffs Sandra Goodno and Anthony Rebholz ("Plaintiffs"), individually and on behalf of the Class defined below, for their class action complaint against Defendant Antero Resources Corporation ("Antero"), allege:

### CLASS DEFINITION

1. Plaintiffs bring this action on behalf of themselves and a Class of similarly situated persons and entities, consisting of:

> Persons and entities, including their respective successors and assigns, to whom Antero, since May 1, 2010, has paid royalties, or has an obligation to pay royalties, under leases covering wells located in the State of West Virginia. ("Class Leases").
>
> Excluded from the Class are: (1) agencies of the United States of America; (2) publicly traded oil and gas exploration companies; (3) Antero, its current officers and employees; (4) any person whose royalty underpayment claim against Antero is subject to a binding arbitration provision; (5) any person who is paid royalties by Antero only under a flat rate lease; (6) any person who is or has been paid royalties by Antero only under a lease which meets the Class definition set forth in the March 23, 2020 class certification order in

*Romeo, et al., v. Antero Resources Corporation*, civil action no. 1:17-cv-88, U.S. Dist. Ct. N.D. W. Va.; and (7) any person who has been paid royalties by Antero only under a lease which expressly provides each of the following: (a) the lessor shall bear some part of the costs incurred between the wellhead and the point of sale; (b) identifies with particularity the specific deductions the lessee may take; and (c) provides for a method of calculating the amount to be deducted from the lessor's royalty for post-production costs.

Examples of Class Leases under which Antero is the lessee, and which meet the above-referenced class definition, and which are not excluded from the Class, are attached hereto as Exhibits 1, 2, and 3.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action; (b) there are more than one hundred persons in the defined Class; (c) the Class contains at least one Class member who is a citizen of a state different from the two states – Delaware and Colorado – where Defendant Antero is deemed to be a citizen; and (d) the amount in controversy for the claims of the Class members against Defendant Antero exceeds the sum of $5,000,000, exclusive of interest and costs.

3. This Court has personal jurisdiction over Antero because Antero has conducted substantial business activities in the State of West Virginia, and because a substantial part of the acts and conduct of Antero giving rise to the claims asserted in this class action complaint occurred in the State of West Virginia.

4. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of West Virginia at Wheeling because the leased premises for each of the named plaintiffs' leases referenced in this class action complaint are located in the Wheeling division of this judicial district, because a substantial part of the property that is at issue in this

class action is located in the Wheeling division of this judicial district, and because a substantial part of the acts giving rise to the claims alleged in this class action complaint occurred in the Wheeling division of this judicial district.

## PARTIES

5. Plaintiff Sandra Goodno is a citizen of the State of West Virginia, residing at 5133 Briscoe Road, Parkersburg, West Virginia 26105. Sandra Goodno has received royalty payments from Antero on mineral interests located in Tyler County, West Virginia under a lease dated January, 1, 2011, attached hereto as Exhibit 1.

6. Plaintiff Anthony Rebholz is a citizen of the State of Ohio, residing at 900 Dugan Road, Belpre, Ohio, 45714. Anthony Rebholz has received royalty payments from Antero on mineral interests located in Tyler County, West Virginia under a lease dated February 1, 2011, attached hereto as Exhibit 2.

7. Defendant Antero is a Delaware corporation, with its principal place of business located at 1615 Wynkoop Street, Denver, Colorado 80202.

## CLASS ACTION ALLEGATIONS

8. Each of the requirements for certification of a Fed. R. Civ. P. 23(b)(3) Class is satisfied in this case.

A. NUMEROSITY – Federal Rule of Civil Procedure 23(a)(1)

9. The members of the Class are so numerous that separate joinder of each member of the Class is impracticable. On information and belief, there are more than two thousand members of the defined Class, who reside in numerous states throughout the United States.

B. COMMONALITY – Federal Rule of Civil Procedure 23(a)(2)

10. Common questions of law and fact exist as to the claims of the Plaintiffs and the defined Class against Antero. These common legal and factual questions include, without limitation, the following:

    a. Whether Antero has a duty under the Class Leases to pay royalties to Plaintiffs and the Class members based upon prices received on the sale of natural gas and natural gas liquids at the point of Antero's sale of such natural gas products to the purchasers?

    b. Whether Antero has breached its obligations under the Class Leases by failing to pay royalties to Plaintiffs and the Class members based upon the prices received by Antero on the sale of natural gas and natural gas liquid products to the purchasers?

    c. Whether Antero has breached its obligations under the Class Leases by deducting various post-production costs from the sales price of the natural gas products (including natural gas and natural gas liquid products) in its calculation and payment of royalties to Plaintiffs and the Class, including deductions accomplished by Antero's calculation of royalties paid to the Class members on natural gas liquids using what is commonly referred to as the shrink value method?

    d. Whether the Plaintiffs and the Class are entitled to recover prejudgment interest on the amounts of Antero's royalty underpayments from the date of each such underpayment, and the applicable rate [or rates] of prejudgment interest to be used in determining the amounts of prejudgment interest owed to the Plaintiffs and the Class members?

**C. TYPICALITY – Federal Rule of Civil Procedure 23(a)(3)**

11. Plaintiffs' claims are typical of the claims of the members of the Class.

**D. ADEQUACY OF REPRESENTATION – Federal Rule of Civil Procedure 23(a)(4)**

12. The Plaintiffs will fairly and adequately protect the interests of the Class, and have retained counsel who are experienced in prosecuting class action royalty underpayment lawsuits against natural gas producers.

**E. PREDOMINANCE AND SUPERIORITY – Federal Rule of Civil Procedure 23(b)(3)**

13. The questions of law and fact which are common to the Class predominate over any individual questions which may exist.

14. A class action is superior to other available methods for the fair and efficient adjudication of the claims of the Class members against Antero.

## FACTUAL BACKGROUND SUPPORTING THE CLAIMS OF PLAINTIFFS AND THE CLASS

15. Plaintiffs and the Class are parties to Class Leases under which Antero has paid royalties to them on natural gas produced by Antero from wells located in West Virginia which are subject to the Class Leases.

16. Antero is or has been a lessee, either by succession or as the original party, under the Class Leases, and has produced natural gas from wells subject to the Class Leases, and paid royalties to the Plaintiffs and to members of the Class.

17. Each of the Plaintiffs is a lessor under lease agreements (Exhibits 1 and 2) under which Antero has acquired the interests of the lessee, and Antero has paid royalties to each of the Plaintiffs on natural gas and natural gas liquid products sold by Antero at certain times after the execution of such lease agreements.

18. On January 21, 2011, Bruce and Sandra Goodno, as Lessors, entered into an oil and gas lease with Jay-Bee Production Company, as Lessee ("Goodno Lease"). (Ex. 1).

19. On February 1, 2011, Anthony and Trudy Rebholz, as Lessors, entered into an oil and gas lease with Jay-Bee Production Company, as Lessee ("Rebholz Lease"). (Ex. 2).

20. On information and belief, Antero acquired the lessee's interests under each of the above-referenced leases within one year after each of the above-referenced leases was executed.

21. Each of the named plaintiffs currently owns a part or all of the lessor's interests under each of their respective leases referenced above.

22. The royalty provision of the Goodno Lease and the Rebholz Lease which applies to Antero's payment obligation on sales of natural gas and natural gas liquid products is identical, and states as follows:

> The Lessee shall deliver to the credit of the Lessor free of cost, in the pipeline to which he may connect his wells, the equal one-eighth (1/8) part of all oil and gas produced and saved from leased premises, payable quarterly[.]

23. Antero has paid royalties to the Plaintiffs on natural gas produced and sold by Antero, and on various natural gas liquid products sold by Antero, including ethane, propane, normal butane, iso-butane, and natural gasoline, which natural gas liquids derive from the natural gas produced by Antero from wells subject to the Plaintiffs' leases.

24. Under West Virginia substantive law, a lessee to an oil and gas lease must bear all costs incurred in marketing and transporting the natural gas product to the point of sale unless the oil and gas lease provides otherwise. Lease language that the lessor's royalty is to be calculated "at the well", "at the wellhead", or similar language, or that the royalty is an "amount equal to 1/8 of the price, net all costs beyond the wellhead", or "less all taxes, assessments, and adjustments", is not sufficient or effective to permit the lessee to deduct from the lessor's specified percentage royalty any portion of the costs incurred between the wellhead and the point of sale.

25. Under the natural gas royalty provisions of the Plaintiffs' and the Class members' lease agreements, Antero, as the lessee, has been obligated to pay the Plaintiffs and the Class members royalties based upon prices received by Antero on its sale of natural gas and natural gas liquid products at the point of sale, without deduction of post-production costs, pursuant to the decisions of the West Virginia Supreme Court of Appeals in *Estate of Tawney v. Columbia Natural Resources, L.L.C.*, 633 S.E. 2d 22 (W. Va. 2006); and *Wellman v. Energy Resources, Inc.*, 557 S.E. 2d 254 (W. Va. 2001).

26. Numerous members of the Class are lessors under Class Leases which meet the Class definition, and under which leases Antero is obligated to pay royalties based upon a specified percentage of the selling prices of the natural gas and natural gas liquid produces sold by Antero to third parties at the point of sale.

27. In its calculation and payment of royalties to Plaintiffs and the members of the Class, Antero has consistently and systematically underpaid the royalties owed to Plaintiffs and the Class members, by: (1) failing to pay royalties based upon the sales price received on Antero's sale of natural gas which was obtained from wells subject to the lease agreements, at the point of sale; (2) failing to pay royalties based upon the sales price received at the point of Antero's sale of natural gas liquid products which were produced from the wells subject to the lease agreements; (3) improperly deducting from the sale prices received on the sale of natural gas and the five natural gas liquid products various post-production costs and expenses, including, without limitation, expenses for treating, compression, fuel, gathering, transportation to the point of sale, processing, fractionation, and other expenses incurred; and (4) improperly taking substantial non-disclosed deductions from the selling price of natural gas liquid products in the calculation of royalties by using what is commonly referred to as the shrink value method, which improperly calculates the royalties paid on natural gas liquid products by multiplying the volume of natural gas liquids sold by the selling price of residue gas.

28. By underpaying the royalties owed to the Plaintiffs and the Class members in the manner described above, Antero has breached its contractual obligations to Plaintiffs and the Class under the Class Leases.

29. As a result of Antero's breaches of its royalty payment obligations under the Class Leases, Plaintiffs and the Class members have sustained substantial damages.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

30. The allegations contained in Paragraphs 1 through 29, inclusive, are restated and incorporated by reference herein.

31. At all times relevant hereto, Plaintiffs and the Class members were royalty payees under valid and enforceable Class Leases under which Antero has been obligated to pay royalties, and has paid royalties, at various times after May 1, 2010.

32. Antero has breached its contractual obligations to the Plaintiffs and the Class under the Class Leases, in the manner described above.

33. Plaintiffs and the Class have sustained substantial damages as a direct result of Antero's breaches of its contractual obligations to Plaintiffs and the Class under the Class Leases, and are entitled to recover the full amount of royalty underpayments made by Antero since May 1, 2010 inclusive of applicable prejudgment interest.

34. None of the Plaintiffs or Class members has materially breached an obligation, if any, which they may have to Antero under the Class leases.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment)**

35. The allegations contained in Paragraphs 1 through 34 inclusive, are restated and incorporated by reference herein.

36. A controversy exists between Antero and the Plaintiffs and the Class concerning the manner in which future royalties paid by Antero on natural gas and natural gas liquid products

sold by Antero should be calculated and paid to Plaintiffs and the members of the Class, as described above.

37.   Plaintiffs and the members of the Class request that the Court enter a declaratory judgment determining that Antero is required to pay future royalties to Plaintiffs and the Class members under the Class Leases at issue, based upon prices received by Antero on its sale of natural gas and natural gas liquid products at the point of sale, without deduction of post-production costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for the following relief:

A.   An Order certifying this case as a Fed. R. Civ. P. 23(b)(3) class action, appointing each of the Plaintiffs as the Class Representatives, and appointing Plaintiffs' attorneys George Barton and Lee Javins as Class Counsel for the Plaintiff Class.

B.   A judgment in favor of the Plaintiffs and the Class against Antero for the damages sustained as a result of Antero's breaches of the Class Leases, inclusive of an award of prejudgment interest on all royalty underpayments, pursuant to the applicable West Virginia law, which prejudgment interest should be calculated from the date of each royalty payment to the date of judgment.

C.   A declaratory judgment determining that Antero is required to pay future royalties to Plaintiffs and the Class members based upon prices received on the sale of natural gas and natural gas liquid products at the point of sale, without deduction of post-production costs.

D.   An award of court costs.

E.   Such further relief as the Court deems just.

| | |
|---|---|
| DATED:  May 22, 2020 | /s/ George A. Barton<br>George A. Barton, Mo. Bar No. 26249<br>Taylor P. Foye, Mo. Bar No. 71527<br>Law Offices of George A. Barton, P. C.<br>7227 Metcalf Ave. Suite 301<br>Overland Park, KS 66204<br>(913) 563-6250<br>Fax: (913) 563-6259<br>Email: gab@georgebartonlaw.com<br>            taylor@georgebartonlaw.com<br><br> /s/ L. Lee Javins<br>L. Lee Javins II, Wv. Bar No. 6613<br>Taylor M. Norman, Wv. Bar No. 13026<br>Bailey, Javins & Carter, LC<br>213 Hale Street<br>Charleston, WV 25301<br>(304) 345-0346<br>Fax: (304) 345-0375<br>Email: ljavins@bjc4u.com<br>tnorman@bjc4u.com<br><br>**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS** |